MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
barbara.miller@morganlewis.com
Kimberli A. Williams, Bar No. 318741
kimberli.williams@morganlewis.com
Joseph A. Govea, Bar No. 319683
joseph.govea@morganlewis.com
600 Anton Boulevard
Suite 1800
Costa Mesa, CA  92626-7653
Tel:    +1.714.830.0600
Fax:   +1.714.830.0700

Attorneys for Defendant
STONELEDGE FURNITURE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TAFLINGER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STONELEDGE FURNITURE LLC, and DOES 1 through 25,<br><br>Defendants. | Case No. 5:23-CV-00660<br><br>[San Bernardino County Superior Court, Case No. CIVSB2225305]<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed: November 8, 2022 |

DB2/ 45384479.2

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. Sections 1332(a), 1441, and 1446, Defendant Stoneledge Furniture LLC ("Stoneledge"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California.  This Court has original subject matter jurisdiction over this action under 28 U.S.C. Section 1332(a) because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  Removal is based on the following grounds:

**I.      SUMMARY OF THE COMPLAINT**

1.      On November 8, 2022, Plaintiff Justin Taflinger ("Plaintiff") filed an unverified complaint in the San Bernardino County Superior Court, entitled *Justin Taflinger v. Stoneledge Furniture LLC, and Does 1 through 25*, Case No. CIVSB2225305 (the "Complaint").  Plaintiff served the Complaint on Stoneledge's registered agent for service of process on March 16, 2023.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.  True and correct copies of the Summons, Civil Case Cover Sheet, Notice of Trial Setting Conference and Notice of Case Assignment, Initial Trial Setting Conference Statement, Civil Rights Department ("CRD") Complaint and Notices served with the Complaint are attached as **Exhibit B**.  No other process, pleadings, or orders have been served upon Stoneledge as part of Case No. CIVSB2225305.

2.      Plaintiff's Complaint asserts the following claims: (1) sexual harassment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq*.; (2) failure to take all reasonable steps necessary to prevent harassment in violation of the FEHA; (3) unlawful retaliation in violation of the FEHA; (4) discrimination in violation of the FEHA; and (5)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 45384479.2

2

NOTICE OF REMOVAL

wrongful termination in violation of public policy.  Plaintiff's Complaint seeks to recover general damages, special damages, loss of earnings and employment benefits, attorney's fees and costs, pre-judgment interest on all amounts claimed, punitive damages, and injunctive relief.  *See* Compl., Prayer for Relief.

3.     On April 13, 2023, Stoneledge filed its Answer to the Complaint in the San Bernardino County Superior Court.  A true and correct copy of Stoneledge's Answer is attached as **Exhibit C**.

4.     The documents attached hereto as Exhibits A through C, constitute all the process, pleadings, and ordered filed in this action in the San Bernardino County Superior Court.

## II.     THIS REMOVAL IS TIMELY

5.     A Notice of Removal must be filed "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ."  28 U.S.C. § 1446(b).

6.     Plaintiff filed his Complaint in San Bernardino County Superior Court on November 8, 2022.  Plaintiff served Stoneledge's registered agent for service of process with the Complaint on March 16, 2023.  Stoneledge's Notice of Removal is therefore timely because it is being filed within 30 days of service of the Complaint.

7.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.     THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER TRADITIONAL DIVERSITY JURISDICTION

### A.     This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

8.     This action is one over which this Court has original jurisdiction under 28 U.S.C. Section 1332(a) (diversity jurisdiction) and is one that Stoneledge may remove pursuant to 28 U.S.C. Section 1441.  Specifically, as discussed in detail below, this is a civil action between citizens of different states where the amount in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

NOTICE OF REMOVAL

DB2/ 45384479.2

controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**B. Complete Diversity of Citizenship Exists.**

9. A case may be heard in federal court under traditional diversity jurisdiction if complete diversity of citizenship exists between the parties (*i.e.*, all plaintiffs are diverse from all defendants). 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the state in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b).

10. Here, all requirements for complete diversity are met because: (1) Plaintiff is a citizen of California, (2) Stoneledge is not a citizen of California, and (3) the citizenship of the "Doe" defendants named in Plaintiff's Complaint must be disregarded for purposes of determining diversity jurisdiction in this matter.

**1. Plaintiff is a Citizen of California.**

11. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 2000).

12. Stoneledge is informed and believes that Plaintiff is now, and since this action commenced on November 8, 2022, has been a citizen of California. Stoneledge employed him in California from January 18, 2021 to August 23, 2022. Based on a review of his employment records maintained by Stoneledge, Plaintiff's last known residence was in Loma Linda, California in San Bernardino County. And, Plaintiff's Complaint asserts that he "is, at all times mentioned, an individual residing in the County of San Bernardino, State of California." Compl. ¶ 1.

**2. Defendant Stoneledge is Not a Citizen of California.**

13. "An LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 45384479.2

4

NOTICE OF REMOVAL

Cir. 2006).  Stoneledge is wholly owned by Ashley Global Retail, LLC, which is organized under the laws of the state of Delaware and has its headquarters and principal place of business in Tampa, Florida.  Ashley Global Retail, LLC is wholly owned by Ashley Holdings, Inc.

14.    A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is the "nerve center" where corporate officers direct, control and coordinate corporate activities).

15.    Ashley Holdings, Inc. is incorporated under the laws of the state of Wisconsin and has its headquarters and principal place of business in Arcadia, Wisconsin.  Ashley Holdings, Inc. has no corporate offices in California.

16.    Thus, Stoneledge is a citizen of Wisconsin for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

17.    Because Plaintiff is not a resident of Wisconsin, complete diversity exists between Plaintiff and Stoneledge.

18.    Although Plaintiff's Complaint names 25 "Doe" defendants, the citizenship of fictitious "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that or removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

## IV.    THE AMOUNT PLAINTIFF PLACES IN CONTROVERSY EXCEEDS $75,000.

19.    Removal based on diversity of citizenship is proper if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, 135 S. Ct. 547, 554 (2014); *see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015) (applying *Dart* outside of the context of the Class Action Fairness Act).

20.    In measuring the amount in controversy, the Court must assume that the Complaint's allegations are true and that a jury will return a verdict for the Plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's Complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand).  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204-05.  Similarly, a removal notice "need not contain evidentiary submissions." *Dart*, 135 S. Ct. at 551.  The Court may consider all recoverable damages, including lost wages and attorneys' fees, in determining whether the jurisdictional minimum is met. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

21.    Furthermore, the fact that the Complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction. *See Banta v. Am. Med. Response Inc.*, 2011 WL 2837642, at *2 (C.D. Cal. July 15, 2011) (holding defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy).

22.    While Stoneledge denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief he seeks in his Complaint, it is clear that the amount

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 45384479.2

6

NOTICE OF REMOVAL

in controversy exceeds $75,000.[1]

### A.   Plaintiff's Alleged Entitlement to Lost Wages Places at Least $22,208 in Controversy.

23.   Plaintiff seeks to recover lost wages, including lost employment benefits.  Compl. ¶¶ 30, 38, Prayer for Relief.  Awards of lost wages and benefits are regularly awarded in FEHA cases.  *See, e.g., Horsford v. Bd. of Trustees of California State Univ.*, 132 Cal. App. 4th 359, 389 (2005).  Lost wages and benefits are included in the amount-in-controversy calculation for claims brought under FEHA.  *See, e.g., Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (holding potential award for post-removal lost earnings must be considered in determining amount in controversy); *Melendez v. HMS Host Family Rest., Inc.*, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from date of alleged adverse employment action to anticipated date of judgment in amount-in-controversy calculation); *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (including "lost wages and benefits [that] may accrue" after removal in the amount in controversy).  Projecting a plaintiff's anticipated lost wages up to and including one year from the filing of the Complaint as an estimated expected date of judgment, for example, has been deemed reasonable.  *See Melendez*, 2011 WL 3760058 at *4 n.1.

24.   At Plaintiff's time of hire in January 2021, he earned $17.35 per hour or approximately $694 per week.  It has been more than 32 weeks since Plaintiff's

---

[1] This Notice of Removal discusses the nature and amount of damages and penalties Plaintiff's Complaint places at issue.  Stoneledge's references to specific damage or penalty amounts are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Stoneledge maintains that each of Plaintiff's claims is without merit and that Stoneledge is not liable to Plaintiff.  Stoneledge specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Stoneledge or that Stoneledge engaged in any conduct that would justify imposing the damages or penalties Plaintiff seeks.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages or penalties based upon the allegations contained in the Complaint or otherwise.

employment was terminated on August 23, 2022. Therefore, as of the date of this Notice, Plaintiff's estimated claim for lost wages alone (exclusive of benefits) is approximately $22,208.00 ($694 x 32 weeks).

### B. Emotional Distress Damages.

25. In addition to alleged lost earnings, Plaintiff alleges that, as a result of Stoneledge's purported conduct, he has suffered severe emotional distress, in an amount "to be proven at the time of trial." Compl. ¶¶ 16, 30, 38. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress and special damages. *Hunt*, 432 U.S. at 347-48; *Galt G/S*, 142 F.3d at 1155-56.

26. Plaintiffs alleging emotional distress as a result of discrimination, retaliation, or harassment under FEHA regularly seek and recover in excess of $75,000 for such damages. *See, e.g., Colucci v. T-Mobile USA, Inc.*, 48 Cal. App. 5th 442 (2020), *review denied* (Aug. 12, 2020) (affirming a jury's award of $200,000 in future emotional distress damages in a FEHA retaliation claim); *Torres v. B.E. Aerospace Inc.*, 2016 WL 3552983 (Cal. Super.) (awarding $1,441,000 for compensatory pain and suffering in gender discrimination case under FEHA). Even an extremely conservative estimate of a potential emotional distress award in an employment discrimination case would add $25,000 to the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (affirming determination that emotional distress damages could be valued at $25,000 in light of a plaintiff's alleged lost wages of at least $55,000).

27. Like the plaintiffs in these lawsuits, Plaintiff alleges that he was discriminated and retaliated against and wrongfully terminated on the basis of a protected characteristic (here, because of "sex or gender"), and has suffered emotional distress as a result. Compl. ¶ 28. Even a conservative estimate of emotional distress damages puts at least an additional $25,000 in controversy.

///

## C.     Punitive Damages

28.     Plaintiff also seeks an unspecified amount of punitive damages "in the amount appropriate to punish Defendant" and "according to proof at trial."  Compl. ¶¶ 17, 25, 32.  Punitive damages are also considered as part of the amount in controversy when determining diversity jurisdiction.  *See Gibson*, 261 F.3d at 945.  California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions.  *See Simmons v. Philip Morris, Inc.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (highlighting employment discrimination cases in which juries awarded between $60,000 and $40,000,000 in punitive damages, thus "amply" showing "the potential for large punitive damages awards" in such cases).

29.     Should Plaintiff prevail on his claim, it is not unreasonable to expect that an award for punitive damages alone could be $75,000 or more.  Therefore, an estimate of $30,000 for a potential punitive damages award—half the smallest award cited as sufficient in *Simmons*—is both conservative and reasonable.

## D.     Attorneys' Fees

30.     Plaintiff also seeks to recover an unspecified amount of attorneys' fees.  Compl., Prayer for Relief.  Where the causes of action in a complaint authorize recovery of attorneys' fees, those fees are included when calculating the amount in controversy.  *Galt G/S*, 142 F.3d at 1155-56 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Plaintiff's First, Second, Third, and Fourth Causes of Action for harassment, failure to prevent harassment, retaliation, and discrimination are based on the FEHA, which explicitly authorizes attorneys' fees.  *See* Cal. Gov't Code § 12965(b).

31.     Moreover, Plaintiff's attorneys' fees are not limited to the amount incurred as of the time of removal.  In *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002), for example, the court held that "[attorneys' fees]

necessarily accrue until the action is resolved," such that "the Ninth Circuit [in *Galt G/S*, supra] must have anticipated that district courts would project fees beyond removal." 209 F. Supp. 2d at 1034-35.  As such, the *Simmons* court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred."  *Id.* at 1035.

32.    Therefore, while Plaintiff seeks an unspecified amount of attorneys' fees, such fees are authorized by statute and must be considered part of the amount in controversy.  Courts have estimated reasonable attorneys' fees in employment cases using figures of 100 to 300 hours at $300 per hour.  *See Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Sasso*, 2015 WL 898468 at *6.  Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work.  Even using the most conservative figure of 100 hours at $300 per hour, Plaintiff's alleged entitlement to attorneys' fees places in controversy at least $30,000.

### E.    Summary of Amount in Controversy

33.    While Stoneledge denies any and all liability to Plaintiff, based on the conservative and good faith estimate of the alleged damages and penalties in this action, the amount in controversy in this case far exceeds $75,000, exclusive of costs and interest.  Based on the conservative estimates detailed above, the Complaint places in controversy at least the following:

| Claim | Amount |
| --- | --- |
| Alleged Lost Back Wages | $22,208 |
| Emotional Distress Damages | $25,000 |
| Punitive Damages | $30,000 |
| Attorneys' Fees (100 hours of work at $300 per hour) | $30,000 |
| **Total** | **$107,208** |

### F.    The Other Prerequisites for Removal are Satisfied.

34.    Venue lies in the Central District of California pursuant to 28 U.S.C.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

NOTICE OF REMOVAL

DB2/ 45384479.2

sections 1441, 1446(a), and 84(c).  This action was brought originally in San Bernardino County Superior Court, and the alleged harm complained of occurred in San Bernardino County.  Therefore, this is the appropriate court for removal.

35.     As required under 28 U.S.C. section 1446(d), Stoneledge will promptly serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of Removal with the Clerk of the San Bernardino County Superior Court.

36.     If any questions arise as to the propriety of this action's removal, then Stoneledge respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## V.     CONCLUSION

37.     Based on the foregoing, Stoneledge respectfully requests that this action be removed from the San Bernardino County Superior Court to the United States District Court for the Central District of California, and that all future proceedings in this action take place in the United States District Court for the Central District of California.

Dated: April 14, 2023                     MORGAN, LEWIS & BOCKIUS LLP

By  /s/ *Barbara J. Miller*
Barbara J. Miller
Kimberli A. Williams
Joseph A. Govea
Attorneys for Defendant
STONELEDGE FURNITURE LLC

# PROOF OF SERVICE

*Taflinger, Justin v. Stoneledge Furniture LLC*
USDC – Central District of California Court Case No.

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653.

On April 14, 2023, I served a copy of the within documents:

## DEFENDANT'S NOTICE OF REMOVAL

☒   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY EMAIL:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on April 14, 2023. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is juanita.robles@morganlewis.com.

Michael A. Gould, Esq.            *Attorneys for Plaintiff*
Aarin A. Zeif, Esq.
THE GOULD LAW FIRM
A Professional Law Corporation
161 Fashion Lane, Suite 207
Tustin, CA 92780
Tel: 714.669.2850
Fax: 714.544.0800
michael@wageandhourlaw.com
aarin@wageandhourlaw.com

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

PROOF OF SERVICE

[ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on April 14, 2023, at Costa Mesa, California.

Juanita Robles

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA